UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MARIE PHILLIPS,<br><br>　Plaintiff,<br><br>　v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.,<br><br>　Defendant. | Case No.5:15-cv-00344-RMW<br><br>**ORDERS ON: (1) MOTION TO STRIKE; (2) REQUESTS FOR JUDICIAL NOTICE; AND (3) MOTION TO DISMISS**<br><br>**RE: DKT. NOS. 10, 14** |

Before the court is defendant P.F. Chang's China Bistro Inc.'s ("P.F. Chang's") motion to dismiss the complaint of plaintiff Anna Marie Phillips for failure to state a claim. Dkt. No. 10 ("MTD"). In connection with the motion to dismiss, each party filed a request for judicial notice, and plaintiff filed a motion to strike. *See* Dkt. No. 10-2 ("Def. RJN"); Dkt. No. 13-1 ("Pl. RJN"); Dkt. No. 14 ("MTS"). For the reasons explained below, the court GRANTS IN PART and DENIES IN PART the requests for judicial notice, DENIES the motion to strike, and GRANTS the motion to dismiss with leave to amend.

**I.   BACKGROUND**

Plaintiff alleges that P.F. Chang's discriminated against her, and other guests with celiac disease or a gluten allergy or intolerance, by charging $1.00 more for some gluten-free menu items than for comparable non-gluten-free menu items. Dkt. No. 1 ("Compl.") at ¶¶ 13-14. Plaintiff

claims that P.F. Chang's adds the additional charge to gluten-free items despite the fact that the difference in cost it incurs between providing regular menu items and their gluten-free counterparts is negligible. *Id.* ¶ 16. P.F. Chang's allegedly accommodates customers' other dietary requests at no additional charge. Plaintiff proposes to represent a class of "[a]ll persons who (1) have been diagnosed with celiac disease, or an intolerance or allergy to gluten, and (2) who purchased items from P.F. Chang's gluten-free menu in California within four years prior to the filing of the Complaint and continuing to the present." *Id.* ¶ 18.  Plaintiff alleges that she suffers from celiac disease and "must eat a diet of foods not containing gluten and that have not been exposed to gluten" and therefore must order from the gluten-free menu in order to eat at P.F. Chang's. *Id.* ¶ 9.

Plaintiff alleges that charging an additional $1.00 for items on the gluten-free menu constitutes discrimination under California's Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*) ("Unruh Act") and the Disabled Persons Act (Cal. Civ. Code § 54 *et seq.*) ("DPA"). Plaintiff further alleges violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*)("UCL") and makes a claim for "restitution based on quasi-contract/unjust enrichment." Plaintiff seeks statutory damages, money damages, injunctive relief, and an award of attorney's fees.

## II. ANALYSIS

Before the court are plaintiff's motion to strike, two requests for judicial notice, and defendant's motion to dismiss.  The court considers each motion in turn.

### A. Motion to Strike

Plaintiff filed a motion to strike "immaterial, impertinent, or scandalous matter from Defendant's motion to dismiss and/or memorandum of points and authorities in support thereof" under Federal Rule of Civil Procedure 12(f). MTS at 1.  Rule 12(f) only authorizes a motion to strike material from a pleading.  A motion and supporting memorandum do not constitute pleadings. Fed. R. Civ. P. 7(a).  Accordingly, the motion to strike is DENIED.  The court does

note that, for the most part, the information plaintiff seeks to strike is information that is not relevant to evaluating a motion to dismiss.

**B. Requests for Judicial Notice**

In general, a court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters which are appropriate subjects of judicial notice include "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Defendant requests judicial notice of four documents: two menus from different P.F. Chang's locations and two news articles. Def. RJN. Plaintiff opposes. Dkt. No. 13-3. As to the menus, defendant requests judicial notice because the complaint "necessarily relies" on the menus and the information contained therein, i.e., that defendant charges $1.00 more for gluten-free menu items. Plaintiff opposes because the menus that defendant submits "are print-outs from defendant's website, not copies of the actual menus customers see when dining at defendant's restaurants. These print-outs do not graphically notate vegetarian and spicy items using symbols of plants or flames." Dkt. No. 13-3 at 4. However, plaintiff does not dispute the accuracy of the information contained in the menus. *Id.* The website versions of the menu do indicate through words, rather than symbols, which items are spicy or vegetarian. *See, e.g.,* Dkt. No. 10-2 at 9. Accordingly, the court takes judicial notice of the contents of the menus. Furthermore, the court is entitled to rely on the menus in ruling on the motion to dismiss because the complaint "refers extensively to the [menus] or the [the menu] forms the basis of the plaintiff's claim." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

As to the news articles, defendant requests that the court take judicial notice of the fact that defendant "is listed as one of the most *allergy-friendly* restaurant chains in the country for its size." Dkt. No. 10-2 at 3. The contents of websites generally are not a proper subject of judicial notice. Furthermore, the court does not rely on the news articles or their contents in ruling on the

pending motion to dismiss, and accordingly declines to take judicial notice. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012).

Plaintiff requests judicial notice of six documents related to celiac sprue or celiac disease, a definition of celiac disease from the Merriam-Webster dictionary, and an information sheet from the Disability Rights Division of the U.S. Department of Justice entitled "Questions and Answers About the Lesley University Agreement and Potential Implications for Individuals with Food Allergies" ("Information Sheet"). Pl. RJN. Defendant does not oppose the court's taking of judicial notice of these ittems, and, therefore, the court will consider the materials to the extent relevant to defendant's motion to dismiss.

### C. Motion to Dismiss

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

### 2. Claims under the Unruh Civil Rights Act

Plaintiff's first claim is brought under California's Unruh Civil Rights Act (Cal. Civil Code § 51 *et seq.*) and is based upon two theories: (1) intentional discrimination and (2) a violation of the Americans with Disabilities Act ("ADA"), which constitutes a violation of the Unruh Act. *See* Cal. Civ. Code § 51(f).

The Unruh Act provides that: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, medical condition*, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b)(emphasis added). It further provides that a violation of the right of any individual under the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

####   a.  Threshold Issue of Disability or Medical Condition

A threshold issue to plaintiff's claims is whether plaintiff, or anyone who suffers from celiac disease or has been diagnosed with an intolerance or allergy to gluten, has a "disability" or "medical condition" as defined under the Unruh Act. Both terms are specifically defined in California Government Code § 12926, to which the Unruh Act refers.

The definition of a disability under the Unruh Act is:

> Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following:
>
> (A) Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin, and endocrine.
>
> (B) Limits a major life activity. For purposes of this section:
>
> > (i) "Limits" shall be determined without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.
> >
> > (ii) A physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life activity

>>if it makes the achievement of the major life activity difficult.
>
>>(iii) "Major life activities" shall be broadly construed and includes physical, mental, and social activities and working.

*See* Cal. Civ. Code § 51(e)(1); Cal. Gov't Code § 12926(m).

Plaintiff alleges that she "must eat a diet of foods not containing gluten and that has not been exposed to gluten. Plaintiff will suffer adverse health consequences if she ingests gluten." Compl. ¶ 9. Plaintiff further alleges that "[c]eliac disease affects a major life activity of eating and impacts the digestive system." *Id.* ¶ 44. Plaintiff thus argues that she has sufficiently alleged that she is disabled. Dkt. No. 13 ("Opp.") at 4.

Defendant disagrees with plaintiff's contention that she is disabled and supports its position with cases applying the ADA's definition of disability. The court "may look to the cases from the Americans with Disabilities Act when interpreting the [Unruh Act's definition of a disability]." *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 224 n.7 (1999). However, the Unruh Act covers conditions that merely "limit" a major life activity (Cal. Govt. Code §12926(m)), whereas the ADA requires that the condition "*substantially*" limit a major life activity. 42 U.S.C. 12102 (1)(a)(o)(emphasis added). In other words, the Unruh Act is more liberal in defining disability. *See Colmenares v. Bramar Country Club, Inc.,* 29 Cal. 4th 1019, 1028 (2003).

Despite the distinction between the wording of Unruh Act and the ADA, the court has found no case directly dealing with the question of whether having celiac disease qualifies as a disability under either act. A number of cases do consider the extent to which the symptoms or consequences of a disease or allergy can be easily avoided in determining whether an alleged disability "limits a major life activity." *See, e.g., Land v. Baptist Medical Center*, 164 F.3d 423, 425 (8th Cir. 1999) (peanut allergy was not a disability)*; Slade v. Hershey Co.,* 2011 WL 3159164 (M.D. Pa. Jul. 26, 2011) (same, where plaintiff was required to "strictly avoid ingestion, handling, and exposure to nuts or airborne nut particles").

The only case involving dietary restrictions under the ADA plaintiff cites is *Fraser v.*

5:15-cv-00344-RMW
ORDERS ON MOTION TO STRIKE; REQUESTS FOR JUDICIAL NOTICE; MOTION TO STRIKE; AND MOTION TO DISMISS                  6

*Goodale*, 342 F.3d 1032, 1045 (9th Cir. 2003). *Fraser*, which has been distinguished by many courts, involved a "brittle" diabetic employee, whose diabetes involved much more than dietary restrictions, and required her to "monitor carefully her day's diet, activities, and other similar factors," because, "[i]f she fails, she will find herself in a life-threatening situation." *Id.* at 1035. The court further noted that:

> Though we hold that eating is a major life activity, we do not thereby invite all those on a diet to bring claims of disability. Not every impediment to the copious and tasty diets our waistlines and hearts cannot endure is a substantial limitation of the major life activity of eating. We must carefully separate those who have simple dietary restrictions from those who are truly disabled. At the same time, we must permit those who are disabled because of severe dietary restrictions to enjoy the protections of the ADA.

*Id.* at 1041. The limitations considered in *Fraser* were far more severe than what plaintiff has alleged here. More importantly, plaintiff does not explain how a major life activity is impacted since she can avoid the consequences of her alleged disability by avoiding the ingestion of gluten. Plaintiff's pleading that she suffers a digestive problem that impacts the major life activity of eating is lacking facts that show that plaintiff's major life activity of eating is sufficiently impacted to constitute a disability under either act.

Plaintiff also argues that she meets the definition of a "medical condition" under the Unruh Act. A medical condition is defined as "[a]ny health impairment related to or associated with a diagnosis of cancer or a record or history of cancer" or "genetic conditions." Cal. Gov't Code § 12926(i). Although plaintiff is not required to set forth all of her evidence supporting a claim of discrimination based on medical condition, she has failed to allege any facts showing that celiac disease meets the Unruh Act's definition of a medical condition. Accordingly, plaintiff has not pled a condition that constitutes a "medical condition" under the Unruh Act.

b. **Discrimination Based on Surcharge**

Plaintiff alleges that "defendants practiced price discrimination against customers with celiac disease" and thereby denied plaintiff equal accommodations. Compl. ¶ 31. Plaintiff must show that defendant denied full and equal accommodations to patrons such as plaintiff who have

5:15-cv-00344-RMW
ORDERS ON MOTION TO STRIKE; REQUESTS FOR JUDICIAL NOTICE; MOTION TO STRIKE; AND MOTION TO DISMISS                7

celiac disease. Defendant contends that plaintiff cannot do so because P.F. Chang's "gluten-free menu and its related pricing is offered to all guests on an equal basis—anyone who wants gluten-free items can order them" and pay the same as anyone else who orders them. Mot. at 9.

Plaintiff responds that P.F. Chang's discriminates by imposing a surcharge for gluten-free menu items, which targets those having celiac disease, whereas other customers with dietary requests are accommodated. Thus, plaintiff's theory of discrimination is a subtle one: P.F. Chang's will alter its menu items for free for certain customers, but not for persons suffering from celiac disease; therefore, P.F. Chang's does not provide "full and equal" accommodations or services to those suffering from celiac disease. Opp. at 8-9. Specifically, "[p]laintiff alleges that while dining at defendant's restaurant she ordered items from defendant's gluten-free menu because she has celiac disease and was forced to pay more for them." *Id.* at 9 (citing Compl. at ¶¶ 5, 13-17). In contrast, "P.F. Chang's does not impose a surcharge for making dietary accommodations to its regular menu items," such as making items spicier or vegetarian. Compl. ¶ 4.

There is a dearth of authority discussing whether a restaurant, if requested, must accommodate a customer's food allergy by serving a comparable substitute meal that has the offending ingredients omitted, let alone whether the restaurant must provide the substitute meal at the same price. The Ninth Circuit has explained in construing the ADA, which served as a model for the Unruh Act, that:

> Title III [of the ADA] prohibits discrimination in the enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." The ordinary meaning of this language is that whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services. *This language does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided.* Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print. Likewise, an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled.

5:15-cv-00344-RMW
ORDERS ON MOTION TO STRIKE; REQUESTS FOR JUDICIAL NOTICE; MOTION TO STRIKE; AND MOTION TO DISMISS                                     8

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 671 (9th Cir. 2010) quoting *Weyer v.Twentieth Century Fox Films Corp.,* 198 F.3d 1104, 1115 (9th Cir. 1990)(emphasis added); *see also Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999); *Ford v. Schering–Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998).

The Disability Rights Section of the Civil Rights Division of the U.S. Department of Justice issued an Information Sheet in January 2013 (Dkt. 13-1 at 66-67) following its settlement with Lesley University on a claim that the school's mandatory meal plan violated the ADA by not providing for accommodation of students with celiac or other food allergies.[1]  Lesley University provided a mandatory meal program to a defined group of students.  Because its meal plan was mandatory for all students living on campus, the ADA required that the University make reasonable modifications to the plan to accommodate students with celiac disease and other food allergies.  However, the Information Sheet explained that Lesley's obligation "*is different than the ADA's obligation for restaurants that serve the general public.*" Information Sheet at 67 (emphasis added). A restaurant "*does not have to make a fundamental alteration of its operations to accommodate a disability such as alter its menu or provide different foods to meet a patron's particular dietary needs.*" *Id.* (emphasis added).  However, a restaurant may be required to omit or substitute certain ingredients upon request of a patron if the restaurant does this for other customers.  *Id.*

*Harkins Amusement* and Information Sheet suggest that the critical question is whether defendant is providing a different product with its gluten-free meals or whether gluten-free meals are in essence the same meals as their corresponding non-gluten free meals.  Plaintiff maintains that "[t]he gluten free items mirror their non-gluten free counterparts in name, content and ingredients, with only small changes to make them gluten free." Compl. ¶ 3.

P.F. Chang's argues that it does not discriminate against its celiac customers by charging them more because gluten-free meals and non-gluten-free meals are different items requiring

---

[1] As noted *supra*, the court takes judicial notice of the Information Sheet per plaintiff's request.

5:15-cv-00344-RMW
ORDERS ON MOTION TO STRIKE; REQUESTS FOR JUDICIAL NOTICE; MOTION TO STRIKE; AND MOTION TO DISMISS    9

different preparation and ingredients. All patrons who order gluten-free meals are charged the same amount whether or not they suffer from celiac disease. Therefore, P.F. Chang's is in the position of the bookstore in *Harkins Amusement*: requiring P.F. Chang's to provide gluten-free meals at the same price as regular meals is like requiring the bookstore to provide books in Braille at the same price as it charges for its non-Braille counterparts.

The Information Sheet also supports the conclusion that P.F. Chang's does not have to supply gluten-free meals at no extra charge. Although plaintiff makes the conclusory allegation that P.F. Chang's can provide gluten-free meals by making "only small changes [to regular meals] to make them gluten free," this allegation appears to be contradicted by the fact that gluten free meals cannot contain wheat, rye, and barley which are commonly used in commercial soups and sauces. *See* Dkt. 13-1, p. 59-60. A restaurant that provides gluten-free meals has a fundamentally different operation than one that does not. As stated in the Information Sheet "a restaurant is not required to alter its menu or provide different foods to meet particular dietary needs." Dkt. No. 13-1 at 67.

Plaintiff's allegation that P.F. Chang's accommodates other dietary requests of patrons without charge, even if true, does not support a conclusion that those dietary requests involve alterations to menu items similar to what is required to provide gluten-free meals. For example, adjusting the degree of spiciness of a meal can be easily done. If plaintiff could establish that P.F. Chang's voluntarily and at no charge provided gluten free meals to patrons who did not have celiac disease or an allergy to gluten but did not do so for those who suffer from the disease, that would constitute intentional discrimination. However, there is no indication that plaintiff could make such an allegation. Accordingly, plaintiff's allegations fail to state a claim of discrimination under the Unruh Act.

    c. **Intentional Discrimination Under the Unruh Act**

Even assuming that plaintiff has a disability and was discriminated against, plaintiff must also allege that P.F. Chang's intentionally discriminated against persons with celiac disease. To

prevail on a disability discrimination claim under the Unruh Civil Rights Act other than one that involves a violation of the ADA, a plaintiff must establish that (1) she was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) her disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. *Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012). Intentional discrimination is required for an independent violation of the Unruh Act but not for a violation of the Unruh Act that is based upon a violation of the ADA. *See Munson v. Del Taco, Inc.,* 46 Cal. 4th 661, 665 (2009). "[A] plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *Hankins v. El Torito Rests. Trsts*, 63 Cal. App. 4th, 510,517-18. "A disparate impact analysis or test does not apply to Unruh Act claims."*Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 854 (2005). Evidence of disparate impact, however, may be probative of intentional discrimination in some cases. *Id.*

Here, plaintiff does not adequately allege any intentional discrimination. Although the complaint is limited to the allegation that "[d]efendants' practice of surcharging gluten-free menu items purchased by consumers with celiac disease (or gluten sensitivities) constitutes price discrimination in violation of the Unruh Act," Compl. ¶ 32, in her opposition plaintiff asks the court to make the "reasonable inference" that P.F. Chang's "expressly created the gluten-free menu—including the elevated prices—specifically to attract customers with celiac disease to it restaurants and pay a premium for its gluten-free food." Opp. at 11. To the extent that the court accepts the inference that P.F. Chang's marketed its gluten-free menu to persons with celiac disease, P.F. Chang's did not discriminate against its customers by charging them an improper premium for the food, as explained above.

Plaintiff's argument suggests that advertising products to persons with disabilities

evidences an intent to discriminate against those persons.  Plaintiff cites no law and provides no analysis in support of such a claim.  Accordingly, plaintiff has not pled sufficient facts to support a plausible inference that P.F. Chang's intended to discriminate against patrons with celiac disease.

#### d. Unruh Act Violation Based on an ADA Violation

As a separate theory for a violation of the Unruh Act, plaintiff alleges a violation of the ADA.  A violation of the ADA constitutes a violation of the Unruh Act and does not require a showing of intentional discrimination.  Cal. Civ. Code § 51(f); *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 692 (2009).  A plaintiff states a cause of action for violation of the ADA where she alleges that (1) she is disabled, (2) defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) she was denied public accommodation by the defendant because of her disability.  *See Dunlap v. Association of Bay Area Governments*, 996 F. Supp. 962, 965 (N.D. Cal. 1998).  As discussed above, plaintiff's complaint is deficient in its pleading of facts showing that plaintiff suffers from a disability, or assuming she has a disability, that she was denied accommodation because P.F. Chang's failed to provide her with a gluten-free meal at the same price as a comparable regular meal. Accordingly, the court GRANTS the motion to dismiss the Unruh Act claim based on an ADA violation.

### 3. Disabled Persons Act

Plaintiff's second claim is for a violation of California's Disabled Persons Act, California Civil Code § 54 *et seq.*  The DPA guarantees "[i]ndividuals with disabilities . . . full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . privileges of all . . . hotels, lodging places, places of public accommodation, amusement, resort, and other places to which the general public is invited[.]" *Id.* § 54.1(a)(1).  A violation of the ADA also constitutes a violation of the DPA.  *Id.* § 54.1(d).  Plaintiff's only DPA theory is that the surcharge for gluten-free items constitutes a violation of the ADA.  Compl. ¶ 39-48.  Because the court finds that plaintiff has not pled an ADA violation, she has also not pled a DPA claim.  Accordingly, the court GRANTS the motion to dismiss the DPA claim.

### 4. Unfair Business Practices

Plaintiff's third claim is for a violation of California's Unfair Competition Law. *See* Cal. Bus. & Prof. Code § 17200 *et seq.* The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." *Id.* Under the "unfair" prong, plaintiff alleges that "defendants discriminated against customers with celiac disease and gluten sensitivities by surcharging them for purchasing gluten-free items." Compl. ¶ 55. The UCL prohibits unfair business practices, which includes those practices that are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).

Plaintiff argues that P.F. Chang's conduct is "equivalent to charging a handicapped person for using a building ramp" and that "substantial injury exists not only because consumers with celiac disease have to pay more money but precisely because they have to pay more money for the same thing." Opp. at 21.

First, to the extent that plaintiff argues that the gluten-free menu items "are the same thing" as the non-gluten-free items, her complaint belies that assertion. Plaintiff specifically alleges that gluten-free items must not "have been exposed to gluten." Compl. ¶ 2; *see also* Opp. at 12 n.20. Thus, according to plaintiff's own allegations, even if two menu items contain the same naturally gluten-free ingredients, they may not be prepared in the same way. Accordingly, defendant is not charging its customers two different prices for the same goods.

Second, P.F. Chang's does not charge a different price based on disability. P.F. Chang's charges a different price for different menu items. That is not the equivalent of discrimination, even if plaintiff's alleged disability forces her to make a more expensive selection. The cases plaintiff cites in support of her unfairness claim are readily distinguishable. In *Evenchik v. Avis Rent A Car System,LLC*, 2012 WL 4111382 (S.D. Cal.) the court found that a policy providing discounted rates to patrons of a specific sexual orientation stated a claim for violation of the UCL. Here, defendant is not providing discounted rates to any group, or imposing a surcharge on any

group, for the same product—defendant is charging different prices for different items. In *Dare v. California,* 191 F. 1167 (9th Cir. 1999), the court held that surcharging the disabled for parking placards violated the ADA.  Here, P.F. Chang's charges the same amount to all patrons for a gluten free meal and a different price for a regular meal.  Defendant is not charging different rates based on disability or membership in a specific group, but rather based on menu choices.  That is not unlawful discrimination or an unfair business practice.

Accordingly, because plaintiff has not alleged any "immoral, unethical, oppressive, unscrupulous or substantially injurious" practice, the court GRANTS the motion to dismiss the UCL unfairness claim.  *See Drum v. San Fernando Valley Bar Assn.*, 182 Cal. App. 4th 247, 257 (2010).

### 5. Unlawful Business Practices

Plaintiff's fourth claim is for a violation of California's Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*  Under the "unlawful" prong of the UCL, plaintiff alleges that defendant's surcharge was unlawful because it violated the Unruh Act or the Disabled Persons Act.  Compl. ¶ 62.  As explained above, plaintiff has not pleaded a claim for violation of the Unruh Act or Disabled Persons Act.  The court therefore GRANTS the motion to dismiss the UCL unlawful claim.

### 6. Restitution Based on Quasi-Contract/Unjust Enrichment

Plaintiff's fifth claim is for restitution based on quasi-contract or unjust enrichment. Plaintiff alleges that "[d]efendants' [sic] took additional monies from plaintiff and members of the putative class for gluten-free menu items that were substantially identical to non-gluten free menu items except for the presence of gluten based solely on the fact that plaintiff and the putative class cannot consume foods with gluten and had no choice but to pay a surcharge for gluten-free foods." Compl. ¶ 65.

The elements of a claim for unjust enrichment or restitution based on quasi-contract are not well settled in California.  *See, e.g., Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th

Cir. 2015) ("[U]njust enrichment and restitution are not irrelevant in California law. Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'"). Nonetheless, "it is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *See Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996).

P.F. Chang's argues that plaintiff cannot recover under an unjust enrichment theory because plaintiff and defendant entered into a contract regarding the meal. Plaintiff does plead that "Plaintiff has visited P.F. Chang's in Santa Clara County during the past four years before the filing of this action. She ordered items from P.F. Chang's gluten free menu. Plaintiff paid a $1 surcharge for each item she purchased on the gluten free menu on each of her visits." Compl. ¶ 9. Thus, P.F. Chang's concludes that a valid contract existed between the parties over the meal, and plaintiff cannot allege an unjust enrichment-type claim. *Lance Camper*, 44 Cal. App. 4th at 203. Plaintiff counters that to the extent a contract existed, it was "procured by fraud or is unenforceable or ineffective for some reason." *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010).

First, plaintiff has not identified any basis for finding that a contract between P.F. Chang's and its customer was "procured by fraud or is unenforceable or ineffective for some reason." *Id.* Thus, to the extent that P.F. Chang's and plaintiff entered into a contract, plaintiff cannot bring an unjust enrichment claim.

Second, even if there were no contract, plaintiff has not sufficiently alleged that defendant unjustly retained a benefit from plaintiff. As explained above, plaintiff has pled, and repeatedly argued, that gluten-free foods are materially different from other foods, either in ingredients, method of preparation, or both. It is not "unjust" for P.F. Chang's to charge a different price for different products. Accordingly, the court GRANTS the motion to dismiss the unjust enrichment claim.

### 7. Leave to Amend

Since all of plaintiff's claims are being be dismissed, the court must decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (alterations in original).

Here, although the court has reservations about whether plaintiff can state a viable claim, the plaintiff should be given an opportunity to do so. Therefore, plaintiff is given until August 28, 2015 to file an amended complaint.

## III. ORDER

For the reasons explained above, the court GRANTS IN PART AND DENIES IN PART defendant's request for judicial notice; GRANTS AS UNOPPOSED plaintiff's request for judicial notice; DENIES the motion to strike; and GRANTS the motion to dismiss with leave until August 28, 2015 to file an amended complaint.

**IT IS SO ORDERED**.

Dated: August 6, 2015

_____
Ronald M. Whyte
United States District Judge