UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MARIE PHILLIPS,<br><br>  Plaintiff,<br><br>  v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.,<br><br>  Defendant. | Case No. 5:15-cv-00344-RMW<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 26 |

Following this court's August 6, 2015 order granting defendant P.F. Chang's China Bistro, Inc.'s motion to dismiss, Dkt. No. 23, on August 28, 2015, plaintiff Anna Marie Phillips filed a First Amended Class Action Complaint, Dkt. No. 25 ("FAC"), alleging under California law that defendant discriminated against her and other guests with a gluten intolerance. Before the court is P.F. Chang's motion to dismiss the FAC, Dkt. No. 26.[1] Plaintiff filed an opposition, Dkt. No. 29, and defendant filed a reply, Dkt. No. 31.[2] The court held a hearing on the motion on October 30, 2015. For the reasons set forth below, the court DENIES the motion to dismiss.

---

[1] Defendant requests judicial notice of certain documents from P.F. Chang's website. Dkt. No. 27. The court GRANTS defendant's unopposed request for judicial notice of these documents.

[2] Defendant also requests judicial notice of certain documents it attaches to an appendix in support of its reply brief. Dkt. No. 31-1. Because the contents of those documents are, in the main, not subject to judicial notice and the court has not relied on them in reaching its decision on the current motion to dismiss, the court DENIES defendant's request for judicial notice. Plaintiff's objections to the appendix, Dkt. No. 34, are SUSTAINED.

1
5:15-cv-00344-RMW
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
RS

## I. BACKGROUND

Plaintiff's First Amended Complaint alleges that P.F. Chang's discriminated against her and other guests with celiac disease or a gluten allergy or intolerance by charging $1.00 more for some gluten-free menu items than for comparable non-gluten-free menu items. Dkt. No. 25 ("FAC") ¶¶ 17-27. Plaintiff claims that P.F. Chang's adds the additional charge to gluten-free items despite the fact that the difference in cost it incurs between providing regular menu items and their gluten-free counterparts is negligible. *Id.* ¶ 22. P.F. Chang's allegedly accommodates customers' other dietary requests at no additional charge. *Id.* ¶ 23. Plaintiff proposes to represent a class of "[a]ll persons who (1) have been diagnosed with celiac disease, or an intolerance or allergy to gluten, and (2) who purchased items from P.F. Chang's gluten-free menu in California within four years prior to the filing of the Complaint and continuing to the present." *Id.* ¶ 28. Plaintiff alleges that she suffers from celiac disease and "must eat a diet of foods not containing gluten and that have not been exposed to gluten" and therefore must order from the gluten-free menu in order to eat at P.F. Chang's. *Id.* ¶ 10.

Plaintiff alleges that charging an additional $1.00 for items on the gluten-free menu constitutes discrimination under California's Unruh Civil Rights Act (Cal. Civ. Code § 51 et seq.) ("Unruh Act") and the Disabled Persons Act (Cal. Civ. Code § 54 et seq.) ("DPA"). Plaintiff further alleges violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) ("UCL") and makes a claim for "restitution based on quasi-contract/unjust enrichment." Plaintiff seeks damages, injunctive relief, and an award of attorney's fees.

## II. ANALYSIS

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need

not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

### B. Claims Under the Unruh Civil Rights Act

As in her initial complaint, plaintiff's first claim is brought under California's Unruh Civil Rights Act (Cal. Civil Code § 51 et seq.) and is based upon two theories: (1) intentional discrimination and (2) a violation of the Americans with Disabilities Act ("ADA"), which constitutes a violation of the Unruh Act. *See* Cal. Civ. Code § 51(f).

The Unruh Act provides that: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). It further provides that a violation of the right of any individual under the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

#### 1. Threshold Issue of Disability or Medical Condition

A threshold issue to plaintiff's claims is whether plaintiff, or anyone who suffers from celiac disease or has been diagnosed with an intolerance or allergy to gluten, has a "disability" or "medical condition" as defined under the Unruh Act. Both terms are specifically defined in California Government Code § 12926, to which the Unruh Act refers.

The definition of a "disability" under the Unruh Act is:

> Having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that does both of the following:
>
> (A) Affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, *digestive*, genitourinary, hemic and lymphatic, skin, and endocrine.
>
> (B) Limits a major life activity. For purposes of this section:
>   (i) "Limits" shall be determined without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity.
>   (ii) A physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss limits a major life activity if it makes the achievement of the major life activity *difficult.*
>   (iii) "Major life activities" shall be broadly construed and includes physical, mental, and social activities and working.

*See* Cal. Civ. Code § 51(e)(1); Cal. Gov't Code § 12926(m) (emphasis added).

The statute defines "medical condition" as "[a]ny health impairment related to or associated with a diagnosis of cancer or a record or history of cancer" or "*genetic characteristics*." Cal. Gov't Code § 12926(i) (emphasis added). The statute further clarifies:

> For purposes of this section, "genetic characteristics" means either of the following:
>
> (A) Any scientifically or medically identifiable gene or chromosome, or combination or alteration thereof, that is known to be a cause of a disease or disorder in a person or his or her offspring, or that is determined to be associated with a statistically increased risk of development of a disease or disorder, and that is presently not associated with any symptoms of any disease or disorder.
>
> (B) *Inherited characteristics* that may derive from the individual or family member, that are known to be a cause of a disease or disorder in a person or his or her offspring, or that are determined to be associated with a statistically increased risk of development of a disease or disorder, and that are presently not associated with any symptoms of any disease or disorder.

Cal. Gov't Code § 12926(i)(2) (emphasis added).

Defendant argues that the FAC has again failed to allege facts that plausibly suggest that plaintiff's celiac disease constitutes a "disability" under the Unruh Act or DPA or a "medical

condition" under the Unruh Act.  Dkt. No. 26 at 17-21.

The FAC adds detail to plaintiff's previous allegations regarding the symptoms and effects of celiac disease.  *See* FAC ¶¶ 14-16.  Plaintiff alleges that she "has been diagnosed with celiac disease and must eat a diet of foods not containing gluten and that have not been exposed to gluten."  FAC ¶ 10.  Plaintiff further alleges that she "will suffer adverse health consequences if she ingests gluten, including but not limited to abdominal pain and cramping, diarrhea, bloating, impaired motor skills, vomiting, nausea, headaches, pins and needles, and fatigue."  *Id.*  Plaintiff states that she "has to pay careful attention to the foods she eats and cannot eat at some restaurants at all because of the risk of cross-contamination."  *Id.*  The FAC alleges:

> If Defendant did not provide gluten-free items, Plaintiff would be unable to eat at P.F. Chang's restaurants because even items that are not made with wheat, barley, or rye could be cross-contaminated and thus cause Plaintiff intestinal distress. In other words, Plaintiff would have no way of avoiding gluten when dining at P.F. Chang's restaurants absent gluten-free preparation. She could not simply eat some foods and avoid others but, absent a strictly gluten-free offering, she would have to avoid them all or risk dire consequences.

*Id.*  Plaintiff further alleges that celiac disease "is associated with an increased risk of developing cancer, including intestinal lymphoma," *id.* ¶ 15, and "is an inheritable and hence genetic characteristic."  *Id*. ¶ 16.

A few cases have held that an individual with a severe food allergy does not have a disability because he or she can avoid the consequences of ingestion of the offending food by merely avoiding it. Thus, according to these cases, the allergy has little effect on a major life activity.[3]  *See, e.g., Land v. Baptist Medical Center*, 164 F.3d 423, 425 (8th Cir. 1999) (peanut allergy was not a disability); *Slade v. Hershey Co.*, No. 1:09CV00541, 2011 WL 3159164 (M.D. Pa. Jul. 26, 2011) (same, where plaintiff was required to "strictly avoid ingestion, handling, and

---

[3] Plaintiff argues, and the court agrees that the Unruh Act covers conditions that merely "limit" a major life activity (Cal. Govt. Code §12926(m)), whereas the ADA requires that the condition "*substantially*" limit a major life activity.  42 U.S.C. 12102 (1)(a)(o)(emphasis added). Nevertheless, the court "may look to the cases from the Americans with Disabilities Act when interpreting the [Unruh Act's definition of a disability]."  *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 224 n.7 (1999)

5
5:15-cv-00344-RMW
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
RS

exposure to nuts or airborne nut particles").

Neither party has cited, and the court has not found, any case specifically discussing whether celiac disease constitutes a disability under the ADA or Unruh Act. However, accepting the additional detail in the FAC about the consequences of ingesting or being exposed to gluten, which plaintiff must guard against, plaintiff has pled sufficient facts to support her claim that she has a disability that impacts a major life activity. The court notes that on a more complete factual record, the court might reach a different conclusion.

The plaintiff has also now pled sufficient facts to state a claim that celiac disease meets the definition of a "medical condition" under the Unruh Act. Plaintiff now alleges that "[c]eliac disease is an inheritable and hence genetic characteristic." FAC ¶ 16. Defendant argues that plaintiff "must allege that she actually inherited characteristics known to cause disease" under the second prong of the "medical condition" definition. Dkt. No. 26 at 21. Defendant cites no authority in support of its argument, and defendant's position appears to call for more than the statute requires. Accordingly, plaintiff has plausibly alleged that her celiac disease is an "inherited characteristic[]" and "known to be a cause of a disease or disorder." Cal. Gov't Code §12926(i)(2).

### 2. Discrimination Based on Surcharge

Although plaintiff may have a protected disability or medical condition, to prevail on her claim of discrimination based on a surcharge, plaintiff must show that defendant denied full and equal accommodations to patrons such as plaintiff who have celiac disease. Defendant argues that plaintiff cannot do so because at defendant's restaurants, "[a]ll guests pay the same price for a gluten-free menu item, whether or not the particular guest has celiac disease." Dkt. No. 26 at 6.

As the court's prior order explained, plaintiff's theory of discrimination is that P.F. Chang's alters its menu items for free for certain customers, but not for persons suffering from celiac disease; therefore, P.F. Chang's does not provide "full and equal" accommodations or services to those suffering from celiac disease. Dkt. No. 29 at 3-4. Specifically, plaintiff alleges, among other things, that:

6
5:15-cv-00344-RMW
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
RS

> (b) Defendant created an entirely separate—and higher priced—gluten-free menu targeted to persons with celiac disease; (c) Defendant directs customers with celiac disease to the gluten-free menu rather than offering to make modifications for celiac customers the way Defendant does for other customers (e.g., vegetarians, persons with peanut allergies); (d) the price differential between the regular-menu items and their gluten-free-menu equivalents is the same across the board, regardless of the specific additional cost of preparing each dish, if any . . . .

*Id.* at 4 (citing FAC ¶¶ 3-6, 12, 17-19, 22). In contrast to the way defendant handles requested accommodations for celiac disease, "P.F. Chang's does not impose a surcharge for making dietary accommodations to its regular menu items," such as making items spicier or vegetarian and "ensuring no cross-contamination." FAC ¶ 4. In summary, plaintiff alleges that customers with celiac disease are singled out and charged more for meals that are no different from regular meals for which P.F. Chang's makes adjustments for food preferences for dietary needs without extra charge.

As the court's prior order explained, there is limited authority discussing whether a restaurant, if requested, must accommodate a customer's food allergy by serving a comparable substitute meal that has the offending ingredients omitted, let alone whether the restaurant must provide the substitute meal at the same price. The Ninth Circuit has explained in construing the ADA, which served as a model for the Unruh Act, that:

> Title III [of the ADA] prohibits discrimination in the enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." The ordinary meaning of this language is that whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services. This language does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided. Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print. Likewise, an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled.

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 671 (9th Cir. 2010) quoting *Weyer v. Twentieth Century Fox Films Corp.*, 198 F.3d 1104, 1115 (9th Cir. 1990) (emphasis added); *see also Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999);

*Ford v. Schering–Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998). *Harkins* offers some support for defendant's argument that since defendant makes gluten-free meals available to all customers at the same price, it is like the bookstore that offers access to everybody and charges the same price to all customers for their books but does not offer Braille products or at least not at the same price as regular books.

The court's prior order cited an Information Sheet prepared by the Disability Rights Section of the Civil Rights Division of the U.S. Department of Justice for the proposition that a restaurant "does not have to make a fundamental alteration of its operations to accommodate a disability such as alter its menu or provide different foods to meet a patron's particular dietary needs." Dkt. No. 23 at 9 (citing Dkt. No. 13-1 at 67). Defendant submits that the Information Sheet supports defendant's position that P.F. Chang's may offer fundamentally different meus items (gluten-free meals) at the same price to all customers. However, the Information Sheet does suggest that a restaurant may be required to omit or substitute certain ingredients upon request of a patron if the restaurant does this for other customers. That is all that plaintiff contends that P.F. Chang's is required to do to make a menu item gluten free.

Plaintiff has pleaded that making gluten-free meals merely requires substituting for gluten or omitting gluten, which is similar to what P.F. Chang's does for customers who want less spicy or vegetarian dishes. Plaintiff further pleads that offering gluten-free meals involves negligible, if any, additional cost, FAC ¶ 22, but P.F. Chang's has targeted customers with celiac disease and discriminated against them by charging more for gluten-free meals.

Plaintiff's allegations may not be able to be proved. As with plaintiff's prior complaint, plaintiff admits certain facts that seem to contradict plaintiff's assertion that the items on defendant's gluten-free menu are, in essence, the same as those on defendant's regular menu. Gluten-free means that barley, wheat, and rye cannot be used. FAC ¶ 10. Gluten-free meals cannot "have been exposed to gluten." FAC ¶ 2. Thus, according to plaintiff's own allegations, even if two menu items contain the same naturally gluten-free ingredients, they cannot be prepared in the same way. The evidence may establish that gluten-free items are different products for

which defendant can charge what it determines is appropriate.  That would not be discriminating against a customer with celiac disease because the gluten-free meals are offered to all customers at the same price.

The ultimate question is whether P.F. Chang's, in providing gluten-free meals, is providing different products or whether the price differential with regular meals is a pretext for discrimination against those with celiac disease.  Accepting plaintiff's allegations as true, she has stated a plausible claim for relief.

### 3. Intentional Discrimination Under the Unruh Act

Even assuming that plaintiff has a disability and was discriminated against, plaintiff must also allege that P.F. Chang's intentionally discriminated in order to state a claim for intentional discrimination.  To prevail on a disability discrimination claim under the Unruh Civil Rights Act other than one that involves a violation of the ADA, a plaintiff must establish that (1) she was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) her disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. *Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012).  Intentional discrimination is required for an independent violation of the Unruh Act but not for a violation of the Unruh Act that is based upon a violation of the ADA. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (2009). "[A] plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *Hankins v. El Torito Rests. Trsts,* 63 Cal. App. 4th, 510, 517-18.  "A disparate impact analysis or test does not apply to Unruh Act claims." *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 854 (2005).  Evidence of disparate impact, however, may be probative of intentional discrimination in some cases. *Id.*

Plaintiff's central argument is that that the existence of a separate, gluten-free menu is evidence of defendant's discriminatory intent. Dkt. No. 29 at 12.  The FAC asserts: "The fact that

Defendant created an entirely separate menu of gluten-free items shows that it is targeting a special group of people—persons with celiac disease." FAC ¶ 48. Plaintiff contends that defendant's argument that anyone can order from the gluten-free menu is merely a pretext to discriminate against people with celiac disease. Dkt. No. 29 at 9.

The court's previous order considered and rejected the argument that defendant intentionally discriminates. However, since the court now finds that plaintiff has adequately pled that P.F. Chang's discriminates by charging more for gluten-free meals, one can reasonably infer that P.F. Chang's intentionally discriminates by targeting customers with celiac disease. Accordingly, plaintiff has pled sufficient facts to support a plausible inference that P.F. Chang's intended to discriminate against patrons with celiac disease.

### 4.     Unruh Act Violation Based on an ADA Violation

As a separate theory for a violation of the Unruh Act, plaintiff once again alleges a violation of the ADA. A violation of the ADA constitutes a violation of the Unruh Act and does not require a showing of intentional discrimination. Cal. Civ. Code § 51(f); *Munson*, 46 Cal.4th at 692 (2009). A plaintiff states a cause of action for violation of the ADA where she alleges that (1) she is disabled, (2) defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) plaintiff was denied public accommodation by the defendant because of her disability. *See Dunlap v. Association of Bay Area Governments*, 996 F. Supp. 962, 965 (N.D. Cal. 1998). As discussed above, plaintiff's complaint now sufficiently pleads a viable claim that plaintiff suffers from a disability and that she was denied accommodation by the failure of P.F. Chang's to provide her with a gluten-free meal at the same price as a comparable regular meal. Accordingly, the court DENIES the motion to dismiss the Unruh Act claim based on an ADA violation.

### C.     Disabled Persons Act

Plaintiff's second claim is for a violation of California's Disabled Persons Act, California Civil Code § 54 et seq. The DPA guarantees "[i]ndividuals with disabilities . . . full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . .

privileges of all . . . hotels, lodging places, places of public accommodation, amusement, resort, and other places to which the general public is invited[.]" *Id.* § 54.1(a)(1). A violation of the ADA also constitutes a violation of the DPA. *Id.* § 54.1(d). Plaintiff's DPA theory is that the surcharge for gluten-free items constitutes a violation of the ADA. FAC ¶ 64-72. Because the court holds that plaintiff has adequately pled an ADA violation, she has also pled a DPA claim. Accordingly, the court DENIES the motion to dismiss the DPA claim.

### D. Unfair Business Practices

Plaintiff's third claim is for a violation of California's Unfair Competition Law. *See* Cal. Bus. & Prof. Code § 17200 et seq. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." *Id.* Under the "unfair" prong, plaintiff alleges that "defendants discriminated against customers with celiac disease and gluten sensitivities by surcharging them for purchasing gluten-free items." FAC ¶ 77. The UCL prohibits unfair business practices, which includes those practices that are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Drum v. San Fernando Valley Bar Ass'n.*, 182 Cal. App. 4th 247, 257 (2010).

Plaintiff argues that P.F. Chang's "took advantage of celiac customers, who it knew could not simply forego gluten-free items if they did not wish to incur a surcharge owing to the dire health consequences of consuming gluten." Dkt. No. 29 at 20 (citing FAC ¶¶ 5, 25, 77). Since the court now holds that plaintiff sufficiently alleges discrimination, she adequately states an unfair business practice. The motion to dismiss the unfair business practice claim is DENIED.

### E. Unlawful Business Practices

Plaintiff's fourth claim is for a violation of California's Unfair Competition Law, California Business & Professions Code § 17200 et seq. Under the "unlawful" prong of the UCL, plaintiff alleges that defendant's surcharge was unlawful because it violated the Unruh Act or the Disabled Persons Act. FAC ¶ 84. As explained above, plaintiff has pleaded a claim for violation of the Unruh Act or Disabled Persons Act. The court therefore DENIES the motion to dismiss the

UCL unlawful claim.

### F. Restitution Based on Quasi-Contract / Unjust Enrichment

Plaintiff's fifth claim is for restitution based on quasi-contract or unjust enrichment. As she did in her initial complaint, plaintiff alleges that "[d]efendant took additional monies from plaintiff and members of the putative class for gluten-free menu items that were substantially identical to non-gluten free menu items except for the presence of gluten based solely on the fact that plaintiff and the putative class cannot consume foods with gluten and had no choice but to pay a surcharge for gluten-free foods." FAC ¶ 87. Plaintiff adds an allegation that "is unjust to provide goods or services to disabled customers at a premium when modifications are provided to non-disabled customers upon request free of charge, as alleged." *Id.* ¶ 88.

As the court previously explained, the elements of a claim for unjust enrichment or restitution based on quasi-contract are not well settled in California. *See, e.g., Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("[U]njust enrichment and restitution are not irrelevant in California law. Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'"). Nonetheless, "it is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *See Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996).

P.F. Chang's argues that plaintiff cannot recover under an unjust enrichment theory because plaintiff and defendant entered into a contract regarding the meal. Defendant argues that "[i]n exchange for monetary payment, plaintiff received the gluten-free menu items she ordered." Dkt. No. 26 at 16. The FAC does not dispute the existence of a contract; rather, plaintiff asserts:

> To the extent that any contract existed between Plaintiff and other putative class members, on the one hand, and Defendant on the other, these contracts were procured through fraud and/or are unenforceable or ineffective because, among other reasons, the contracts were illegal and violated public policy in that they violated the Unruh Civil Rights Act, the Disabled Persons Act and the Business Practices Act..

FAC ¶ 89.

Plaintiff has not identified any basis for finding that a contract between P.F. Chang's and its customer was procured by fraud or is unenforceable or ineffective for some reason. The FAC merely recites a legal conclusion. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, to the extent that P.F. Chang's and plaintiff entered into a contract, plaintiff cannot bring an unjust enrichment claim.

However, plaintiff has sufficiently alleged that defendant unjustly retained a benefit from plaintiff. As explained above, plaintiff has pled, and repeatedly argued, that gluten-free foods are not materially different from other foods, in ingredients or difficulty of preparation, yet celiac customers are forced to pay more for gluten-free meals. Accordingly, plaintiff has stated a claim for unjust enrichment, and the court DENIES defendant's motion to dismiss.

Dated: November 23, 2015

_____
Ronald M. Whyte
United States District Judge