UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANNA MARIE PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> P.F. CHANG'S CHINA BISTRO, INC., <br><br> Defendant. | Case No.  15-cv-00344-RMW <br><br> **ORDER REGARDING MOTION FOR VOLUNTARY DISMISSAL** <br><br> Re: Dkt. Nos. 52, 57 |

Before the court is plaintiff Anna Marie Phillips's Motion for Voluntary Dismissal, Dkt. No. 52, filed on April 27, 2016. Plaintiff requests that the court enter an order dismissing this action with prejudice as to plaintiff and without prejudice as to the putative class. *Id.* In addition, plaintiff requests that the court deny attorneys' fees and costs to defendant P.F. Chang's China Bistro, Inc. *Id.* Defendant filed a Statement in Support of Plaintiff's Motion for Voluntary Dismissal and Opposition to Motion to Deny Costs, Dkt. No. 53, and plaintiff filed a reply, Dkt. No. 56. On May 19, 2016, plaintiff filed an Amended Motion for Voluntary Dismissal, Dkt. No. 57. For the reasons set forth below, the court GRANTS the motion for voluntary dismissal with prejudice as to plaintiff and without prejudice as to the putative class and DENIES the motion to deny costs to defendant.

## I.     BACKGROUND

This is a class action lawsuit alleging that defendant P.F. Chang's discriminated against plaintiff and other customers with celiac disease or gluten allergies or intolerance. Dkt. No. 25 ¶¶ 17-27. Plaintiff states that for personal and private reasons, she is unable to proceed with this litigation. Dkt. No. 56 at 1. Plaintiff asserts that this case is meritorious despite her inability to move forward. *Id*. Because plaintiff's counsel is unable to find a substitute class representative at this time, plaintiff requests that this action be dismissed with prejudice as to her and without prejudice as to the putative class pursuant to Federal Rule of Civil Procedure 41(a)(2). *Id*.; Dkt. No. 52 at 2. Plaintiff asserts that defendant will suffer no prejudice from the dismissal. Dkt. No. 52 at 2. Additionally, plaintiff requests that the court deny attorneys' fees and costs to defendant because there is no threat that she will reinstitute this action after it is dismissed with prejudice as to her. *Id*.

Defendant supports plaintiff's request for voluntary dismissal but opposes plaintiff's request that the court deny costs to defendant. Dkt. No. 53 at 1. Defendant states that there was no settlement between the parties and that dismissal is appropriate because the action lacks merit. *Id*. at 1-2. Defendant takes the position that defendant is the prevailing party given plaintiff's voluntary dismissal with prejudice. *Id*. Thus, defendant argues that it is entitled to recover costs pursuant to Federal Rule of Civil Procedure 54(d)(1). *Id*. at 2. Defendant requests costs but not attorneys' fees. *Id*. at 1-3. In her reply, plaintiff does not dispute defendant's claim to prevailing party status. Dkt. No. 56 at 1. Instead, plaintiff reiterates that where voluntary dismissal is with prejudice, costs cannot be awarded. *Id*.

## II.     ANALYSIS

### A.     Motion for Voluntary Dismissal

Under Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper. Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.

Here, plaintiff requests that the court enter an order dismissing this action with prejudice as

United States District Court
Northern District of California

to plaintiff and without prejudice as to the putative class. Dkt. No. 52 at 2. Defendant supports plaintiff's request for voluntary dismissal of this case. *Id*. Because the matter is undisputed and defendant will suffer no legal prejudice as a result, pursuant to Rule 41(a)(2) the court GRANTS plaintiff's motion for voluntary dismissal with prejudice as to her and without prejudice as to the putative class.

### B.    Motion to Deny Costs to Defendant

Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The issue of whether defendant is entitled to its costs thus turns on the definition of a prevailing party and whether defendant meets this definition. The Supreme Court has held that a party has prevailed if it has "received a judgment on the merits, or obtained a court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (citations omitted). The court further reasoned that both "judgments on the merits and court-ordered consent decrees create a 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id*. at 604 (citation omitted).

The Supreme Court has held that a dismissal with prejudice operates as an adjudication on the merits, barring further action on the same claims in the same court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (stating that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice"). In *Cadkin v. Loose*, the Ninth Circuit found that a voluntary dismissal *without* prejudice does *not* confer prevailing party status on a defendant because the defendant "remains subject to the risk of re-filing," and thus the legal relationship between the parties remains materially unaltered. *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009). The court concluded that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Id.* at 1150.

Despite the relatively clear holdings from the Supreme Court and the Ninth Circuit, in

15-cv-00344-RMW
ORDER REGARDING MOTION FOR VOLUNTARY DISMISSAL
TN

United States District Court
Northern District of California

plaintiff's Motion for Voluntary Dismissal, plaintiff primarily relies on unpublished decisions from district courts within the Ninth Circuit and one Tenth Circuit decision to support her position that defendant should not be granted its fees or costs.[1] Dkt. No. 52 at 4-5. These cases reason that it is improper to award attorneys' fees or costs to a defendant after a voluntary dismissal with prejudice because there is no longer a risk of plaintiff re-filing the same suit and imposing duplicative expenses upon the defendant. *See, e.g., Mull v. Motion Pictures Indus. Health Plan*, No. CV 12-06693-VBF-MAN, 2013 U.S. Dist. LEXIS 188943, at *7-8 (C.D. Cal. July 29, 2013); *Co-Investor, AG v. Fonjax, Inc.*, No. C 08-1812 SBA, 2010 U.S. Dist. LEXIS 42492, at *3 (N.D. Cal. Mar. 31, 2010). Some cases go on to state that when a dismissal is with prejudice, fees and costs should be granted only in "exceptional circumstances." *Rodriguez v. Serv. Emps. Int'l*, No. C-10-01377 JCS, 2011 U.S. Dist. LEXIS 117793, at *3 (N.D. Cal. Oct. 12, 2011); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006). Plaintiff argues that because there are no exceptional circumstances in the case at hand, the court should not award any fees or costs to defendant. Dkt. No. 52 at 5. The cases plaintiff cites are distinguishable from the instant case, however, because all of them involved requests for attorneys' fees, and defendant is not requesting attorneys' fees. "An award of attorneys' fees to a litigant in federal court is improper in the absence of a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances." *Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc.*, 824 F.2d 740, 744 (9th Cir. 1987). A different standard applies to an award of costs.

Unlike attorneys' fees, a prevailing party is presumptively entitled to costs of litigation. The Ninth Circuit has held that "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to

---

[1] At the hearing on the instant motion, plaintiff cited three Ninth Circuit cases, none of which supports plaintiff's request for a dismissal without costs. In *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143 (9th Cir. 1982), the Ninth Circuit actually affirmed a decision awarding costs following a voluntary dismissal. In *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 (9th Cir. 1990), the court dismissed an appeal of a similar judgment awarding costs following dismissal. Finally, *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930 (9th Cir. 1986), unlike the instant case, involved a request for voluntary dismissal *without* prejudice.

United States District Court
Northern District of California

overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). The court went on to say that "the presumption itself provided an adequate reason for the district court to award costs. We decline to adopt a rule that would place on district courts the burden of justifying routine awards of costs against losing parties in civil rights cases." *Id.* at 946.

In contrast to the cases plaintiff cites are numerous cases that rule in favor of granting costs (and sometimes even attorneys' fees) to a defendant after a voluntary dismissal with prejudice. These cases tend to turn on the defendant's prevailing party status. *See, e.g., Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) (holding that voluntary dismissal with prejudice conferred prevailing party status on defendants and remanding to district court for determination of costs), *abrogated on other grounds by Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000); *AF Holdings LLC v. Navasca*, No. C-12-2396 EMC, 2013 WL 3815677, at *1-5 (N.D. Cal. July 22, 2013) (finding that voluntary dismissal with prejudice conferred prevailing party status on defendant and granting fees and costs to defendant); *Wells v. California Home Loan Sols.*, No. CIV07CV1040JAJB, 2007 WL 2915059, at *4-5 (S.D. Cal. Oct. 4, 2007) (finding that defendant was the prevailing party after plaintiff's voluntary dismissal with prejudice and awarding attorneys' fees to defendant); *Tainoapp, Inc. v. Amazon.com Inc.*, No. 15-CV-00101-JSW, 2015 WL 7015558, at *1-2 (N.D. Cal. Nov. 12, 2015) (holding that plaintiff's voluntary dismissal with prejudice entitled defendant to an award of costs); *Bruce v. Teleflora, LLC*, No. CV13-3279 ODW CWX, 2014 WL 2710974, at *2 (C.D. Cal. June 16, 2014) (stating that costs should be allowed to the prevailing party and that the court must specify reasons for its refusal to award costs); *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) ("A voluntary dismissal with prejudice renders the opposing party a 'prevailing party' within the meaning of Rule 54 . . . the award of costs is 'as of course'").

In keeping with the above case law from the Supreme Court and the Ninth Circuit, defendant here is the prevailing party. Plaintiff's voluntary dismissal with prejudice as to herself confers prevailing party status upon defendant because it operates as a judgment upon the merits

15-cv-00344-RMW
ORDER REGARDING MOTION FOR VOLUNTARY DISMISSAL
TN

1    and materially alters the parties' legal relationship by barring plaintiff from re-filing the claim

2    against defendant in federal court. As the prevailing party, defendant presumptively should be

3    allowed to collect its costs pursuant to Rule 54(d)(1).

4         Due to the presumption in favor of an award, the losing party has the burden of showing

5    why costs should not be awarded. *Save Our Valley*, 335 F.3d at 945. The factors that weigh

6    against an award of costs to the prevailing party include: (1) a losing party's limited financial

7    resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on

8    future civil rights litigants; (4) whether the issues in the case were close and difficult; (5) whether

9    the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in

10   good faith; and (7) whether the case presented a landmark issue of national importance. *Quan v.*

11   *Computer Scis. Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010), *abrogated on other grounds by Fifth*

12   *Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014). Plaintiff has not shown that any of these

13   factors substantially weigh against an award of costs to the prevailing party in this case.

14        Accordingly, the court DENIES plaintiff's motion to deny costs to defendant. Because

15   defendant is not requesting attorneys' fees, this court need not address whether an award of

16   attorneys' fees would be appropriate.

## III.   CONCLUSION

18        For the foregoing reasons, the court GRANTS the motion for voluntary dismissal with

19   prejudice as to plaintiff and without prejudice as to the putative class and DENIES the motion to

20   deny costs to defendant. Defendant may submit a bill of costs in accordance with this order and

21   Civil Local Rule 54-1. Plaintiff may submit any objections to the bill of costs in accordance with

22   Civil Local Rule 54-2.

24        **IT IS SO ORDERED.**

25   Dated: June 6, 2016

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge

United States District Court
Northern District of California

6